United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-1079
Meredyth A. Kippes,
for the United States Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| | § | |
| **Roofing Designs by JR, LLC** | § | **Case No. 23-32275-MVL-11(V)** |
| | § | |
| | § | |
| | § | |
| **Reorganized Debtor.** | § | |

### United States Trustee's Motion to Dismiss under 11 U.S.C. § 1112(b)

**TO THE HONORABLE MICHELLE V. LARSON,**
**UNITED STATES BANKRUPTCY JUDGE:**

The United States Trustee for Region 6 hereby files this motion (the "Motion") to dismiss

this case under 11 U.S.C. § 1112(b), and respectfully shows the following:

### Overview

Roofing Designs by JR, LLC (the "Debtor"), a corporation, is representing itself *pro se*

post-confirmation in Federal court.  Because artificial entities, such as corporations, cannot appear

*pro se* in Federal court, this case should be dismissed.

### Jurisdiction

1.      The bankruptcy court has jurisdiction to determine this matter under 28 U.S.C. §§ 1334

and 157, and 11 U.S.C. §§ 105 and 707(a).  This is a core proceeding under 28 U.S.C. § 157(b).

**Motion to Dismiss**                                                                                      **Page 1 of 9**

**Facts**

**Main Case Procedural History**

2.      The Debtor filed a voluntary chapter 11 petition on October 4, 2023, initiating this Subchapter V case.

3.      Chynethia Gragg is the Debtor's principal.

4.      Attorney Eric Liepins filed the Debtor's chapter 11 petition ("Petition," Dkt. No. 1).

5.      The Petition reflects that the Debtor is a corporation.  *See* Petition, No. 6.

6.      Mr. Liepins filed an application to be employed as Debtor's bankruptcy counsel (the "Liepins Application," Dkt. No. 3) on October 4, 2023.

7.      The Court entered an order approving Mr. Liepins as bankruptcy counsel for the Debtor (the "Liepins Employment Order," Dkt. No. 20) on November 22, 2023.

8.      An application to employ Martin Averill as special counsel to the Debtor (the "Averill Application," Dkt. No. 24) was filed on December 29, 2023.

9.      Mr. Averill was employed as special litigation counsel "to pursue claims the Debtor has against third parties for monies owed the estate." *See* Averill Application, ¶¶ 2-3.

10.      The Court entered an order approving Mr. Averill as special counsel to the Debtor (the "Averill Order," Dkt. No. 31) on February 16, 2024.

11.      On behalf of the Debtor, Mr. Liepins filed a Subchapter V Plan (the "Plan," Dkt. No. 25) on January 2, 2024.

12.      An order confirming the Plan (the "Confirmation Order," Dkt. No. 34) was entered by the Court on February 22, 2024.

13.      On February 13, 2024, Mr. Liepins, on behalf of the Debtor, filed a motion to substitute counsel of record (the "Motion to Substitute," Dkt. No. 30) because he was leaving private

practice.  By the Motion to Substitute, the Debtor sought to substitute the law firm of DeMarco Mitchell, PLLC as bankruptcy counsel in this case.

14.   On April 9, 2024, post-confirmation, the Court entered an order grating the Motion to Substitute (the "Substitution Order," Dkt. No. 54) substituting Rober DeMarco and DeMarco Mitchell, PLLC, as Debtor's counsel of record.

15.   On January 4, 2025, Mr. DeMarco filed a motion to administratively close the chapter 11 case (the "Administrative Closing Motion," Dkt. No. 95).

16.   The Court entered an order granting the Administrative Closing Motion on February 3, 2025 (the "Administrative Closing Order," Dkt. No. 97).

17.   Notwithstanding the Administrative Closing Order, the Court retained jurisdiction over certain adversary proceedings.

18.   Upon information and belief, Mr. DeMarco's representation of the Debtor as bankruptcy counsel has terminated.

**Hayward PLLC Appearances and Withdrawals**

19.   On August 4, 2025, John P. Lewis, Jr. of Hayward PLLC filed a notice of appearance (the "Hayward PLLC Notice of Appearance," Dkt. No. 100) on behalf of the Debtor as counsel for the reorganized debtor.

20.   The following adversary proceedings (the "Adversary Proceedings") were pending before the Court as of September 2025.

   a.   *Roofing Designs by JR, LLC v. ABC Supply Co., Inc., d/b/a ABC Supply*, Adversary No. 24-3064 (the "ABC Adversary");

   b.   *Roofing Designs by JR, LLC v. Texas Liqua Tech Services, Inc.*, Adversary No. 24-3078 (the "Texas Liqua Adversary");

   c.   *Roofing Designs by JR, LLC v. Tapia, et al.*, Adversary No. 24-3079 (the "Tapia Adversary");

> d. *Roofing Designs by JR, LLC v. JR Jones Roofing, Inc.*, Adversary No. 24-3080 (the "First JR Jones Adversary");
>
> e. *JR Jones Roofing, Inc. v. Roofing Designs by JR, LLC*, Adversary No. 25-3064 (the "Second JR Jones Adversary").

21. Mr. Averill's employment in the First JR Jones Adversary was terminated on July 25, 2025.

22. Mr. Averill's employment in the Tapia Adversary was terminated on July 29, 2025.

23. Mr. Averill's employment in the ABC Adversary and the Texas Liqua Adversary was terminated on August 1, 2025.

24. Mr. Averill's employment in the Second JR Jones Adversary was terminated on August 13, 2025.

25. Counsel from Hayward, PLLC filed notices of appearance as counsel for the Plaintiff in the ABC Adversary, the Texas Liqua Adversary, the Tapia Adversary, and the Second JR Jones Adversary.

26. Hayward, PLLC did not file a notice of appearance in the First JR Jones Adversary.

27. On August 21, 2025, Hayward PLLC filed its motions to withdraw (collectively, the "Hayward Withdrawal Motions") as counsel for the Debtor in the Main Case and as counsel for the Plaintiff in the ABC Adversary, the Texas Liqua Adversary, the Tapia Adversary, and the Second JR Jones Adversary.

28. On September 4, 2025, the Court held a hearing on the Hayward Withdrawal Motions. Jeremy Pickney of Pickney P.C., appeared at the hearing representing that he would be substituting in for Hayward PLLC. At the conclusion of the hearing, the Court granted the Hayward Withdrawal Motions and directed Mr. Pickney to enter appearances by the end of the day on Friday, September 5, 2025.

29.     The Court entered Orders in the Main Case and in the ABC Adversary, the Texas Liqua Adversary, the Tapia Adversary, and the Second JR Jones Adversary granting the Hayward Withdrawal Motions.

30.     Mr. Pickney entered appearances in the ABC Adversary, the Texas Liqua Adversary, and the Tapia Adversary.

31.     Mr. Pickney never entered an appearance in the Main Case, the First JR Jones Adversary or the Second JR Jones Adversary.

32.     The ABC Adversary was dismissed with prejudice on October 24, 2025 and was closed on February 24, 2026.

33.     The Texas Liqua Adversary was dismissed with prejudice on October 26, 2026 and was closed on February 24, 2026.

34.     A memorandum opinion and order dismissing the Tapia Adversary with prejudice was entered on January 21, 2026 and the case was closed on February 5, 2026.  The Debtor/Plaintiff sought to extend the time to file a notice of appeal on February 6, 2026, but ultimately withdrew the motion (*see* Tapia Adversary Dkt. 116).  The Debtor/Appellant was represented not by Mr. Pickney,  but by Susan J. Clothier of Clothier Law, PLLC.

35.     The First JR Jones Adversary was dismissed with prejudice on March 31, 2026 and was closed on April 15, 2026.

36.     The Second JR Jones Adversary is a removed action.  The Court entered an order and notice of remand to the 127th District Court of Harris County, Texas on June 20, 2025.

37.     On March 16, 2026, Hayward, PLLC removed an action from County Court of Law No. 3, Dallas County, Texas commencing Adversary Proceeding No. 26-3023, *Chynethia Gragg v. Hayward, PLLC and John P. Lewis* (the "Gragg Adversary").

38.     Ms. Gragg represents herself *pro se* in the Gragg Adversary.

39.     The subject matter of the Gragg Adversary proceeding are the Hayward, PLLC fees relating to Hayward, PLLC's representation of the Debtor in August of 2025.

40.     Ms. Gragg's motions for remand and mandatory abstention are set for hearing before this Court on May 7, 2026.

## Argument and Authority

### General discussion of burdens when dismissal is sought:

41.     Under section 1112(b), the Court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause."  11 U.S.C. §1112(b)(1).

42.     If cause is established, the burden shifts to the Debtor to prove that it falls within the section 1112(b)(2) "unusual circumstances" exception to section 1112(b)(1)'s mandatory conversion.  The Legislative History explains that the exception applies only if: "(1) the debtor or a party in interest objects and establishes that there is a reasonable likelihood that a plan will be confirmed within the time periods set forth in section 1121(e) and 1129(e), or if these provisions are inapplicable, within a reasonable period of time; (2) the grounds for granting such relief include an act or omission of the debtor for which there exists a reasonable justification for such act or omission; and (3) such act or omission will be cured within a reasonable period of time."  H.R. Rep. No. 109-31(1) at 94 (April 8, 2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 2005 WL 832198, *reprinted in, In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 561 (Bankr. M.D. Pa. 2007).

### Pro Se Corporate Debtor

43.     While this chapter 11 case was initiated by a licensed attorney, the Debtor presently appears to be *pro se* before this Court.

44.     Upon information and belief, the employment of Mr. DeMarco as bankruptcy counsel has been terminated.

45.     The employment of Mr. Averill was terminated in each of the Adversary Proceedings. Hayward, PLLC's employment as bankruptcy counsel in the Main Case and as plaintiff's counsel in the ABC Adversary, the Texas Liqua Adversary, the Tapia Adversary, and the Second JR Jones Adversary was terminated by the Hayward Withdrawal Orders.  Mr. Pickney never entered an appearance in the Main Case, but did enter an appearance in the ABC Adversary, the Tapia Adversary, and the Texas Liqua Adversary, all of which have been dismissed.  The First JR Jones Adversary has been dismissed and the Second JR Jones Adversary has been remanded to state court.

46.     No counsel has entered an appearance on behalf of the Debtor in the Main Case since the withdrawal of Hayward, PLLC.

47.     The only pending adversary proceeding is the Gragg Adversary in which Ms. Gragg represents herself *pro se* in connection with a fee dispute related to Hayward, PLLC's representation of the Debtor in August of 2025.

48.     Accordingly, the Debtor, a corporate entity, is not represented by counsel before this Court.

49.     It has been the law "for the better half of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President of Bank of United States*, 22 U.S. (9 Wheat.) 738, 830-31 (1824)).  This rule applies to corporations, partnerships, joint ventures, or other legal entities filing bankruptcy cases under Title 11 of the United States Code.  *E.g., Schreibman v. Walter E. Heller & Co. (In re Las Colinas Dev. Corp.)*, 585 F.2d 7, 13 (1st Cir. 1978) (involving corporate debtor).

50.     The Debtor's failure to obtain counsel to represent the Debtor before this Federal Court constitutes cause to dismiss this case in accordance with 11 U.S.C. § 1112(b)(1).

**Wherefore**, the United States Trustee respectfully requests that the Court dismiss this case and grant such other and further relief as is just and proper.

DATED: May 5, 2026                           Respectfully submitted,

                                            LISA L. LAMBERT
                                            UNITED STATES TRUSTEE

                                            /s/ *Meredyth A. Kippes*
                                            Meredyth A. Kippes
                                            State Bar No. 24007882
                                            Office of the United States Trustee
                                            1100 Commerce Street, Room 976
                                            Dallas, Texas  75242
                                            (214) 767-1079
                                            meredyth.kippes@usdoj.gov

## CERTIFICATE OF CONFERENCE

Per Local Bankruptcy Rule 7007-1(a), no conference is required before the filing of this Motion.

                                            /s/  *Meredyth A. Kippes*
                                            Meredyth A. Kippes

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 5, 2026 that I sent copy of the foregoing document via ECF or via first class United States mail on to the following:

<u>/s/ Meredyth A. Kippes</u>
Meredyth A. Kippes

Roofing Designs by JR
PO Box 2432
DeSoto, TX 75123

Robert Thomas DeMarco
Robert Demarco
12770 Coit Road, Suite 850
Dallas, TX 75251

Eric A. Liepins
Legal Aid of Northwest Texas
1515 Main Street
Dallas, TX 75201

John P. Lewis, Jr.
Wyatt Shirley
Hayward PLLC
10501 North Central
Expressway, Suite 1060
Dallas, TX 75231

Martin Patrick Averill
The Averill Firm
231 W FM 544 Suite A100
Murphy, TX 75094

Katharine B. Clark -SBRA V
Thompson Coburn LLP
2100 Ross Avenue, Suite 3200
Dallas, TX 75201

Anthony Laurent Laporte
Hanszen Laporte, LLP
4309 Yoakum
Houston, TX 77006

Lisa Marie Norman
Edward L. Ripley
Andrew Myers, P.C.
1885 Saint James Place,15th Floor
Houston, TX 77056

James Harper
Cozen O'Connor
1717 Main Street, Suite 3100
Dallas, TX 75201

Kelvin L Roquemore
Roquemore Skierski PLLC
13155 Noel Road, Ste 900
Dallas, TX 75240

H. Gray Burks, IV
Attorney at Law
950 Echo Ln, Suite 300
Houston, TX 77024

David Adams
US Attorney Office
1100 Commerce Street, Suite 300
Dallas, TX 75242

John Kendrick Turner
Linebarger Goggan Blair & Sampson, LLP
3500 Maple Avenue, Suite 800
Dallas, TX 75219

Tara L. Grundemeier
Linebarger Goggan Blair & Sampson LLP
P.O. Box 3064
Houston, TX 77253-3064

Reese W Baker
Baker & Associates
950 Echo Lane Suite 300
Houston, TX 77024

TOM SANDERS
LEAD ATTORNEY
PO BOX 572 US
BARKER, TX 77413